IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| HAL ELLIS BROWDER | ) | |
| | ) | |
| v. | ) | NO. 3:14-1534 |
| | ) | |
| WALMART STORES, INC. | ) | |

TO: Honorable Todd J. Campbell, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered July 25, 2014 (Docket Entry No. 5), the Court referred the above captioned action to the Magistrate Judge, pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, for entry of a scheduling order, decision on all pretrial, nondispostive motions, and a report and recommendation on any dispostive motions.

Presently pending is the Defendant's Motion to Dismiss (Docket Entry No. 4), to which the plaintiff has filed a response in opposition. See Docket Entry Nos. 12-13. For the reasons set out below, the Court recommends that the motion be granted and that this action be dismissed.

## I. BACKGROUND

The plaintiff is a Tennessee resident. On June 17, 2014, he filed this pro se action against WalMart Stores, Inc. ("WalMart"),[1] in the Circuit Court for Davidson County, Tennessee. On July 15, 2014, the Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1441(a) and (b) and 28 U.S.C. § 1332 on the basis of diversity jurisdiction.

---

[1] In its motion to dismiss, WalMart Stores, Inc., asserts that it is not the correct entity and not a proper defendant to this lawsuit and that Wal-Mart Stores East, LP is the correct operating entity and the correct defendant.

The plaintiff asserts that he is an employee of the WalMart store located in Hermitage, Tennessee, where he has worked for over five years. The Plaintiff alleges that two employees at the Hermitage WalMart told him around May 2013 that service manager Jaimee Eggleston ("Eggleston") wanted to "get rid" of the Plaintiff and that Eggleston subsequently failed to provide him with proper training as a cashier inside the store and "stranded" him inside in an "overt attempt to get him fired." See Amended Complaint (Doc. Entry No. 1-1), at 4, ¶ 2.[2] The Plaintiff asserts that he subsequently discovered a strange e-mail in his "Junk Hotmail" dated June 15, 2013, and entitled "Meet hottest Ladies!," id. at 13, which he believes came from Eggleston and which was purportedly copied to a list of several other mail addresses. Id. The Plaintiff avers that he brought the e-mail to the attention of the Hermitage store's management and further filed an incident report but no remedial action was taken by WalMart. Id. at ¶¶ 3-4 and 6-7.

The remainder of the Plaintiff's 35 paragraphs of averments concern events occurring during the 1990's and 2000's that have no relation to WalMart or the Plaintiff's employment at WalMart. These averments are set out in apparent support of the Plaintiff's contention that "WalMart management and personnel have become joint tortfeasors and co-conspirators with unknown and influential outside third parties in a campaign to suppress public revelation of former state house candidate Harry Brooks Bryan as the Unsolved Zodiac Killer of late 1960s California and his connection to the TN MUFON UFO Society." Id. at 4, ¶ 1. Based upon these allegations, the Plaintiff brings claims against the Defendant for libel, harassment, invasion of privacy, intentional interference with business relationship, intentional infliction of emotional distress, and fraud, deceit and misrepresentation. He demands a jury trial and seeks $81,000,000.00 in damages.

In lieu of an answer, the Defendant has filed the pending motion to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Defendant contends that the allegations in the Complaint are largely incomprehensible and fantastical and fail to support a plausible claim

---

[2] Although the Plaintiff's pleading is styled as an Amended Complaint, it appears to be his original pleading. See Notice of Removal (Docket Entry No. 1).

for relief against the Defendant. See Defendant's Supporting Memorandum of Law (Docket Entry No. 4-1).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

Although complaints that are filed pro se "are held to less stringent standards than those prepared by attorneys, and are liberally construed" when challenged with a motion to dismiss, Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004), this pleading "leniency ... is not boundless." Id. at 714. Merely positing a theory of legal liability that is unsupported by specific factual allegations does not state a claim for relief which survives a motion to dismiss, and a complaint, even if filed pro se, is not saved from dismissal if it fails to state a plausible claim for relief. Iqbal, 556 U.S. at 678-80.[3]

## II. CONCLUSIONS

The Defendant's motion to dismiss should be granted. The Amended Complaint contains very few factual allegations actually directed at the Defendant. Indeed, the only allegations of actions taken by the Defendant are that the Plaintiff was not given adequate training upon being moved to a new work assignment, that he had a stressful experience as a cashier when he did not have adequate assistance on one occasion, and that management at WalMart ignored or were dismissive of his report to them about the e-mail he received and his belief that the e-mail was linked to and was evidence of his belief concerning the identity of the Zodiac Killer. The remainder of the Plaintiff's complaint is a recitation of disjointed and conjectural allegations regarding conspiracy theories and a series of unsolved sensational murders that occurred over 40 years ago.

The Plaintiff's factual allegations against the Defendant, even if taken as true and even when viewed in the light most favorable to the Plaintiff, are insufficient to defeat the motion to dismiss. The Plaintiff's contention that the e-mail he received can somehow be linked to actions attributable to the Defendant is conclusory and unsupported by any plausible factual allegations, and the Plaintiff's tortuous attempt to base legal claims against the Defendant upon his receipt of this e-mail or the conduct of the Defendant alleged in the Amended Complaint is spurious and insufficient.

---

[3] The Plaintiff describes himself as a licensed attorney who practices law part time. See Docket Entry No. 1-1, at 3, ¶ 1.

Contrary to the Plaintiff's belief, he is not entitled to engage in discovery based upon his conclusory and conjectural allegations. See Iqbal, 556 U.S. at 678-79. In order to survive a motion to dismiss, a claim must be plausible, i.e., the plaintiff must plead facts that allow the court to draw the reasonable inference that defendant is liable for the misconduct alleged. Id. This requires more than a sheer possibility of unlawful action by the Defendant. Id.; Hutchison v. Metropolitan Gov't of Nashville & Davidson Cnty., 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010). In the instant action, there are no facts contained anywhere in the Amended Complaint that support a plausible claim of legal liability against the Defendant under any of the theories asserted by the Plaintiff, and this action warrants dismissal as a matter of law. Iqbal, 556 U.S. at 678.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the Defendant's Motion to Dismiss (Docket Entry No. 4) be GRANTED and that this action be DISMISSED WITH PREJUDICE under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge